FINDINGS OF FACT AND CONCLUSIONS OF LAW
LETTS, J.
1. The plaintiff is a corporation created and existing under the laws of the State of Delaware with an office and place of business in Washington, D. C.
*151 2. The defendants, Drew Pearson and Robert S. Allen, are residents of the District of Columbia; and the defendants Liveright, Inc., and Van Rees Press, Inc., are corporations organized under the laws of the State of New York with principal offices in the City of New York.
3. In December, 1931, and for some time prior thereto, the plaintiff was the owner and publisher at Washington, D. C., of a monthly magazine of general circulation called The Washingtonian.
4. On December 10, 1931, the plaintiff published an issue of The Washingtonian claiming copyright upon the contents thereof by means of the usual printed notice. However, the claim was not thereon registered and copies were not deposited in the Copyright Office. The said December issue contained, among other material, a featured article entitled “The Mills — of the Gods” written by one Rixie Smith under the pen name of Linthieum Hall.
5. The plaintiff has published no issue of The Washingtonian since the said issue of December 10th, 1931.
6. On August 25, 1932, Liveright, Inc., one of the defendants, published and offered for general sale a book entitled “More Merry-Go-Round” written by defendants Pearson and Allen and printed by defendant Yan Rees Press, Inc. This book included a chapter entitled “The Wizards of Reconstruction” which contained matter practically identical with the said article by Rixie Smith appearing in the said December, 1931, issue of The Washingtonian.
7. Copyright of the book “More Merry-Go-Round” was claimed by means of the usual printed notice, and, on August 26, 1932, defendant Liveright deposited two copies of the said book, together with the claim of copyright, in the Copyright Office, paid the fee, and obtained a certificate of registration. On December 14, 1932, the last edition of “More Mery-Go-Round” was printed.
*152 8. On February 21, 1933, plaintiff deposited copies of tbe said December, 1931, issue of The Washingtonian together with claim of copyright, in the Copyright Office, paid the fee, and secured a certificate of registration. On the same day plaintiff likewise deposited copies and obtained registration of claim of copyright of the other eleven issues —January through November of 1931.
9. On March 8,1933, plaintiff instituted this suit alleging infringement of the article appearing in the said December, 1931, issue of The Washingtonian.
CONCLUSIONS OF LAW
1. Upon the publication of the December, 1931, issue of The Washingtonian, with the notice of copyright, the plaintiff acquired a valid copyright of the magazine and of all of the material contained therein, including the article entitled “The Mills — of the Gods,” and the plaintiff has not lost or disposed of its right.
2. The failure of the plaintiff promptly to deposit two copies of the said December, 1931, issue of The Washingtonian after publication, and to secure registration of the copyright thereof, did not deprive it of the right to maintain an action for infringement of the material contained therein, even though such infringement occurred prior to the deposit of copies.
3. The deposit by plaintiff' of copies of its December, 1931, issue of The Washingtonian on February 21,1933, and thereupon obtaining registration certificate thereof, entitled plaintiff to maintain an action for infringement occurring before the deposit of copies and registration of the work.
4. The plaintiff’s copyright of the December, 1931, issue of The Washingtonian was wrongly infringed by the defendants by the publication and sale of the book entitled *153 “More Merry-Go-Round,” and plaintiff is entitled to damages against the defendants for such infringement and to a perpetual injunction against further infringement.